IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

**OCT 28 2020**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN RE: INTERIM ORDER REGARDING
THE "DUE PROCESS
PROTECTIONS ACT", P.L. NO.
116-182, 134 STAT. ANN. 894
(OCT. 21, 2020), AMENDING
FEDERAL RULE OF CRIMINAL
PROCEDURE 5

Misc. No. 2:20-mc-01464

## INTERIM ADMINISTRATIVE ORDER

By virtue of the "Due Process Protections Act", P.L. No. 116-182, 134 Stat. Ann 894 (Oct. 21, 2020), Federal Rule of Criminal Procedure 5 has been amended effective immediately to add subsection (f), providing in relevant part as follows:

**(f)(1) In general**

In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.

Subsection (f)(2) of amended Fed. R. Crim. P. 5 provides that the judicial council of each Circuit shall prepare and promulgate for the use of each Court in the Circuit a model form of Order to implement the provisions of subsection (f)(1).

Pending the promulgation of such model form of Order by the Judicial Council of this Circuit and the adoption of such an Order for use in this Court, it is ORDERED that pending further Order, language in substantially the following form shall be incorporated into an oral Order stated on the record, and a written Order entered on the docket, in each proceeding in this Court as to which subsection (f)(1) of Federal Rule of Criminal Procedure 5 applies:

Pursuant to the "Due Process Protections Act" amendment to Fed. R. Crim. P. 5, the Court confirms the prosecutors' obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and subsequent cases, and notifies the prosecutors that violation of such obligations may result in serious consequences including but not limited to any or all of the following: sanctions, suppression or exclusion of testimony or other evidence, dismissal, a finding of contempt, and/or ethics violations. The Court further advises that such obligations exist as a matter of law, and are applicable according to law to this action, which may include but is not limited to these proceedings in this action. A written Order to this effect will likewise be entered upon the docket in this action.

SO ORDERED.

                                                      s/ Mark R. Hornak
                                                      Mark R. Hornak
                                                      Chief United States District Judge

Dated: October 28, 2020